USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/29/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DANNY MOREL, : 02 Cr. 1542 (SHS)

                Plaintiff, : OPINION & ORDER

    -against- :

UNITED STATES OF AMERICA, :

               Defendant. :
------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Petitioner Danny Morel moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

## I. Background

Danny Morel pled guilty to conspiracy to commit access device fraud in violation of 18 U.S.C. § 1029(b)(2), access device fraud in violation of 18 U.S.C. § 1029(a)(4), and failure to appear at a court proceeding in violation of 18 US.C. §§ 3146(a)(1) and 3146(b)(1)(A)(i). On September 16, 2010, the Court sentenced Morel principally to twenty-seven months' imprisonment. The U.S. Court of Appeals for the Second Circuit subsequently affirmed that sentence. Morel has since been deported.

Before being deported, Morel moved to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. He claims that he was denied effective assistance of counsel in two respects: (1) his counsel did not advise him of "any consequence related to his deportation"; and (2) his counsel did not "object to the excessive restitution" ordered by the Court. Because Morel in fact received notice of the deportation consequences of his sentence and because the relevant statute required the imposed restitution, his motion is denied.

## II. Discussion

Morel moves on the grounds that his counsel did not effectively assist him in connection with his guilty plea and sentencing.

To establish a claim of ineffective assistance of counsel, a defendant must show both that (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance resulted in prejudice to his case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Wilson v. Mazzuca*, 570 F.3d 490, 502 (2d Cir. 2009).

Under the first prong, a defendant must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *See Strickland*, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (citing *Strickland*, 466 U.S. at 688-89). When a defendant faces deportation, counsel's performance may be deficient if he or she has failed to inform the defendant that a guilty plea will result in deportation. *Padilla v. Kentucky*, 130 S. Ct. 1473, 1483 (2010).

To satisfy the second prong, the defendant must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, a defendant has demonstrated prejudice when the defendant shows that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."*Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

### A. Morel was not prejudiced, even assuming there were a failure on his counsel's part to advise him of the deportation consequences of his plea.

Morel first contends that he was prejudiced because his counsel failed to inform him that he could be deported following his guilty plea. The Court need not address

the issue of whether Morel's counsel's actually failed to alert Morel to his likely deportation because, even assuming for purposes of analysis that Morel's counsel had failed to alert him, Morel cannot show the prejudice required by *Strickland*, 466 U.S. at 694, or *Hill*, 474 U.S. at 59.

Morel pled guilty only after having been informed fully of the immigration consequences of his sentence on at least two prior occasions:

First, the government advised defendant in a letter issued pursuant to *U.S. v. Pimentel*, 932 F.2d 1029 (2d Cir. 1991),[1] and dated April 26, 2012, of the following:

> The information now available to this Office . . . indicates that in addition to the criminal penalties set forth above, the defendant's guilty plea and conviction make it very likely that the defendant's deportation from the United States is presumptively mandatory. At a minimum, the defendant's guilty plea and conviction carry a risk of deportation . . . .

(Ex. B at SA-4 to Def.'s Mem. of Law in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct His Sentence ("Def.'s Mem.")). At his May 19, 2010 plea, defendant acknowledged that the *Pimentel* letter had been translated for him and that he understood it. (Ex. B at SA-10 to Def.'s Mem.)

Second, during that same plea colloquy, Magistrate Judge James C. Francis IV asked Morel if he realized that his guilty plea could result in deportation in the following words: "Do you understand that if you are not a United States citizen, you would be subject to deportation on the basis of your conviction?" Morel responded, "Yes." (Ex. B at SA-11 to Def.'s Mem.)

Both the government and Magistrate Judge Francis had presented Morel with this information before Morel entered his guilty plea. Therefore, regardless of whether Morel's counsel told him about the probability of his deportation, Morel had learned of that probability elsewhere.

---

[1] A *Pimentel* letter advises a criminal defendant of the likely sentence to be imposed should the defendant enter a plea of guilty. *See Pimentel*, 932 F.2d at 1034.

Morel suffered no prejudice. When a defendant learns of the deportation consequences of his plea from a source other than his attorney, yet still before he enters a guilty plea, he has not been prejudiced within the meaning of *Strickland*. *E.g., Gonzalez v. United States*, No. 10 Civ. 5463, 2010 WL 3465603, at *1 (S.D.N.Y. Sept. 3, 2010); *Ellington v. United States*, No. 09 Civ. 4539, 2010 WL 1631497, at *3 (S.D.N.Y. Apr. 20, 2010). Nor can Morel contend that he would have gone to trial but for his counsel's conduct. At the moment Morel entered his guilty plea he had received the pertinent deportation information that his counsel could have provided: a guilty plea would likely result in Morel's deportation. Morel therefore suffered none of the prejudice described in *Hill*, 474 U.S. at 59.

### B. Counsel was not ineffective by failing to object to the restitution order.

Morel next contends that his counsel was ineffective on the grounds that he should have objected to the "excessive restitution" imposed because Morel "was not the leader of the offense" and "was not the organizer or the owner of the organization." (Morel's Motion to Vacate, Set Aside, or Correct His Sentence at 6.)

Morel's role in the offense, however, has no bearing on the amount of restitution due. The Mandatory Victims Restitution Act obligates this court to "order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). Morel is responsible for the full restitution amount and Morel's counsel could not have done anything to decrease the restitution amount once the loss amount had been established.

Any objection to the imposed restitution amount would have failed; therefore, counsel's failure to make a meritless objection cannot have constituted ineffective assistance, for two reasons. First, the Court cannot agree with Morel that his counsel's failure to object was "objectively unreasonable" as required by *Strickland*, 466 U.S. at 687. The objection would have been legally groundless. Second, counsel's failure to make a meritless objection could not have prejudiced Morel. *Cf. Perez v.*

4

*United States*, No. 96 Civ. 7702, 1997 WL 661426, at *4 (S.D.N.Y. Oct. 23, 1997). The restitution amount would have been the same whether or not Morel's counsel objected.

## III. Conclusion

Because Morel received notice of the deportation consequences of his sentence and because the relevant statute required the restitution amount that was imposed, his motion is denied. As Morel has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(1)(B). Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that any appeal from this Opinion and Order would not be taken in good faith.

Dated: New York, New York
  May 25, 2012

SO ORDERED:

Sidney H. Stein, U.S.D.J.